

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,091

### EX PARTE JOHN FRANCIS KENNEDY, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 055752-59-A IN THE 59TH DISTRICT COURT FROM GRAYSON COUNTY

*Per curiam.*

## OPINION

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a building and sentenced to nine (9) years' imprisonment. He did not appeal his conviction.

Applicant alleges, *inter alia,* that his prior felony convictions were not committed sequentially and thus could not be used to enhance punishment to the second degree felony punishment range. *See* TEX. PEN. CODE, § 12.42(a)(2). Applicant also alleges that his sentence was illegal because the nine-year sentence assessed exceeded the maximum sentence authorized by law

for this state jail felony offense.

On September 10, 2008, this Court remanded this application because Applicant had alleged facts which, if true, could entitle him to relief. In response to this Court's remand order, the trial judge obtained copies of the indictments and the judgments in the prior felony convictions which were used to enhance punishment to the second degree felony punishment range. On the basis of this evidence, the trial judge found the facts alleged in the second enhancement paragraph of the indictment were incorrect. Applicant's prior felony convictions were not committed sequentially and thus could not be used to enhance punishment to the second degree felony punishment range. *See* TEX. PEN. CODE,§ 12.42 (a) (2). The nine-year sentence imposed fell outside the maximum punishment authorized by law for this state jail felony offense. The trial judge recommends that relief be granted. We agree.

Relief is granted. The judgment in Cause Number 055752-59-A from the 59th Judicial District Court of Grayson County is hereby set aside, and Applicant is remanded to the custody of the Sheriff of Grayson County to be resentenced within sixty (60) days.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: February 4, 2009
Do not publish